DESTILERÍA SERRALLÉS, INC., Petitioner, *v.* TAX COURT OF
 PUERTO RICO, Respondent; BUSCAGLIA, TREASURER OF
 PUERTO RICO, Intervener.

No. 212. Argued May 6, 1949.—Decided June 13, 1949.

---

66

*Orlando J. Antonsanti* and *Eulogio Riera* for petitioner. *Vicente Géigel Polanco, Attorney General* and *Edgar S. Belaval, Special Counsel for. the Department of Justice,* for intervener, defendant in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

On January 15, 1945 Destilería Serrallés, Inc. owned 837,232.93 gallons of rum which had been stored for aging for more than a year in a bonded warehouse under the control of the Treasurer, and on which it had paid the property tax for the fiscal year 1944–45.

Act No. 53, Laws of Puerto Rico, 1945, became effective on May 5, 1945. Sections 1, 2 and 4 read as follows:

"Section 1.—For the purpose of stimulating the improvement in their quality, there are hereby exempted from the payment of property taxes during all the fiscal years following the first in which they have been stored for aging, those products with respect to which it has been scientifically recognized that aging improves their quality.

"Section 2.—No product shall be declared to be scientifically recognized among those whose quality is improved through the aging process, until said declaration has been made by the Treasurer of Puerto Rico through administrative order to that effect.

"Section 4.—The products which have been stored for aging purposes prior to the taking effect of this Act and which, in accordance with the terms hereof, fill and have filled for not less than one (1) year prior to said effectiveness, the requirements herein established for the exemption herein granted, should they have paid property taxes for the said year preceding the effectiveness of this Act, shall be exempt from the payment of property taxes during all subsequent years in which they continue to be stored for aging purposes, in accordance with the provisions of this Act."

Pursuant to § 2, the Treasurer issued an administrative bulletin finding that rum was a product whose quality is improved through the aging process. The corporation therefore claimed that this rum was exempt from the property tax for 1945–46. The Treasurer rejected this contention. We granted the petition for certiorari filed by the taxpayer to review the decision of the Tax Court dismissing the complaint of the corporation as to this item.

 We agree with the Treasurer that the obligation to pay the property tax for 1945–46 arose on January 15, 1945. *Buscaglia* v. *Tax Court*, 68 P.R.R. 34, and cases cited therein. But before the petitioner was required by law to pay the tax, the Legislature passed Act No. 53. This statute provides for forgiveness of the 1945–46 tax for any products which like this rum come within its terms. As required by § 4, the rum had been stored for aging prior to the taking effect of the Act; it has filled for more than a year prior thereto the requirements established therein for exemption from property taxes; and it has paid property taxes for the said year (1944–45) preceding the effectiveness of the Act. Consequently, it comes within the plain terms of § 4 exempting it from the payment of property taxes during all

subsequent years, including 1945–46, in which it is stored for aging purposes.

■ If more be needed, the terms of § 1 show that the Legislature intended the exemption to apply to the taxes for 1945–46, provided all the requirements of the statute were fulfilled. Section 1 provides for an exemption "during all the fiscal years following the first" in which the product has been stored for aging. And 1945–46 is a fiscal year following the first in which this rum has been stored for aging.

In addition, Article 3 of a Regulation issued by the Treasurer pursuant to § 6 of Act No. 53 supports our view. It reads as follows: "The property tax exemption provided herein will be applicable only to those products which on the date on which the exemption is requested shall have been stored for not less than a year under the conditions provided herein and *the exemption will be effective at the end of the last fiscal year for which an assessment of such products has been made, and for subsequent years.*" (Italics ours). When this Act took effect on May 5, 1945, the *end* of the last fiscal year for which an assessment had been made was 1944–45, not 1945–46.

■ We have not contravened the rule that statutes granting tax exemptions will be strictly construed. *Buscaglia, Treas.* v. *Tax Court, supra,* and cases cited. In the *Buscaglia* case we pointed out at p. 35, that while taxable status arises on January 15, the Legislature may if it chooses, as it did here, alter the same by expressly exempting the property as of that date.

The order of the Tax Court will be reversed and a judgment will be entered declaring the rum involved herein exempt of property taxes for 1945–46.

Mr. Justice Negrón Fernández did not participate herein.